Robert C. Moest, Of Counsel, SBN 62166
**THE BROWN LAW FIRM, P.C.**
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAWKINS derivatively on behalf of AMPLITUDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPENSER SKATES, HOANG VUONG, NEERAJ AGRAWAL, RON GILL, PAT GRADY, CURTIS LIU, ERICA SCHULTZ, ELISA STEELE, ERIC VISHRIA, JAMES WHITEHURST, and CATHERINE WONG, <br><br> Defendants. <br><br> and <br><br> AMPLITUDE, INC., <br><br> Nominal Defendant. | CASE NO. 3:24-cv-03460-VC <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER STAYING ACTION** |

Plaintiff Brian Hawkins ("Plaintiff") and Defendants Spenser Skates, Hoang Vuong, Neeraj Agrawal, Ron Gill, Pat Grady, Curtis Liu, Erica Schultz, Elisa Steele, Eric Vishria, James Whitehurst, and Catherine Wong (the "Individual Defendants"), and Nominal Defendant Amplitude, Inc.

Gibson, Dunn &
Crutcher LLP

("Amplitude" and together with the Individual Defendants, "Defendants")[1], by and through their undersigned counsel of record, submit the following stipulation and proposed order to stay these proceedings.

WHEREAS, on June 10, 2024, Plaintiff filed the above-captioned stockholder derivative action purportedly on behalf of Amplitude against the Individual Defendants alleging, *inter alia*, breaches of fiduciary duty (the "Derivative Action");

WHEREAS, in addition to the Derivative Action, Amplitude and certain of the Individual Defendants are named as defendants in a related federal securities class action pending in this Court, captioned *Chicago & Vicinity Laborers' District Council Pension Fund v. Amplitude, Inc., et al.*, Case No. 3:24-cv-898-VC (the "Securities Class Action"). The allegations in the Derivative Action substantially overlap with those in the Securities Class Action;

WHEREAS, counsel for Defendants in the Derivative Action also represents the defendants in the Securities Class Action and has represented to counsel for Plaintiff that the defendants in the Securities Class Action filed a motion to dismiss the Securities Class Action on July 12, 2024, and the Court in the Securities Class Action has scheduled oral argument on the defendants' motion to dismiss for September 19, 2024 (*see* Securities Class Action, ECF No. 47); and

WHEREAS, the Parties agree that resolution of the defendants' forthcoming motion to dismiss in the Securities Class Action will inform the manner in which the Derivative Action proceeds. As a result, the Parties believe that the interests of justice and efficient and effective case management would best be served by staying the Derivative Action through a ruling on the defendants' forthcoming motion to dismiss in the Securities Class Action;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties, through their respective counsel of record, as follows:

1.    All proceedings in the Derivative Action, including all deadlines, hearings, ADR requirements and conferences, including the Initial Case Management Conference scheduled for September 20, 2024 and any deadlines to move, answer, plead or otherwise respond to the complaint filed by Plaintiff on June 10, 2024, shall be stayed or vacated through a ruling on the defendants'

---

[1] "Plaintiff" and "Defendants" together are referred to herein as the "Parties."

Gibson, Dunn & Crutcher LLP

motion to dismiss in the Securities Class Action;

2.  Notwithstanding the foregoing paragraph, the stay of proceedings in the Derivative Action may be earlier lifted: (i) at any time, if the Parties file a written stipulation with the Court agreeing to lift the stay; (ii) after fourteen (14) days' written notice via email from Plaintiff's counsel to the undersigned counsel for Defendants, but only if a Related Derivative Action (defined below), wherever instituted, is not stayed for the same or longer duration than the stay of this Derivative Action; or (iii) after thirty (30) days' written notice via email from Defendants' counsel to the undersigned counsel for Plaintiff.

3.  The Parties shall, within fourteen (14) days of a ruling on the defendants' motion to dismiss in the Securities Class Action or the date that the stay is lifted pursuant to Paragraph 2, meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative Action.

4.  Defendants shall promptly notify Plaintiff should they become aware of any stockholder derivative lawsuits, litigation demands, or demands made pursuant to *8 Del. C.* §220 regarding the same or similar allegations made in the Derivative Action ("Related Derivative Action").

5.  Defendants shall promptly notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration than this stay.

6.  During the stay of proceedings in the Derivative Action and for six (6) months thereafter, Defendants shall provide Plaintiff with reasonable advance notice of, and shall invite Plaintiff to participate in, any mediation or formal settlement talks with plaintiff(s) in any Related Derivative Action. Additionally, in the event that a mediation or formal settlement talks are held in the Securities Class Action, Defendants shall provide Plaintiff with reasonable advance notice of, and shall endeavor in good faith to invite Plaintiff to participate therein; provided that if Plaintiff is not invited, Defendants shall mediate with Plaintiff at or about the same time.

7.  Notwithstanding the stay of proceedings in the Derivative Action, Plaintiff may file an amended complaint, although Defendants shall be under no obligation to move, answer, plead, or otherwise respond to any complaint that has been filed or may in the future be filed during the pendency of the stay.

Gibson, Dunn & Crutcher LLP

8.     The undersigned counsel for Defendants has agreed to accept service of the complaint and to waive service of summons on behalf of all Defendants.

9.     The Parties shall meet and confer regarding consolidation of any Related Derivative Action filed in, removed to, or transferred to this Court, and an application for consolidation of such Related Derivative Action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

10.     Unless specifically addressed herein, the Parties reserve all rights, arguments, and defenses.

**IT IS SO STIPULATED.**

DATED: September 13, 2024                    Respectfully submitted,

                    **GIBSON, DUNN & CRUTCHER, LLP**

                    By: _____/s/Jessica Valenzuela_____
                    Jessica Valenzuela, SBN 220934

                    Attorneys for Defendants


DATED: September 13, 2024                    Respectfully submitted,

                    **THE BROWN LAW FIRM, P.C.**


                    By: _____/s/Robert C. Moest_____
                    Robert C. Moest, Bar No. 62166

                    *Attorneys for Plaintiff*


**PURSUANT TO THE STIPULATION, IT IS SO ORDERED**


DATED: __September 16__, 2024

                    _____
                    Hon. Vince Chhabria
                    United States District Court Judge

STIPULATION AND [PROPOSED] ORDER STAYING ACTION
CASE NO. 3:24-CV-03460-VC

Gibson, Dunn & Crutcher LLP